## A93A1553. HIGHTOWER v. THE STATE.
(436 SE2d 31)

JOHNSON, Judge.

Ricardel Hightower was convicted of sale of cocaine and sentenced to life imprisonment. He appeals.

Hightower contends that the trial court erred in sentencing him to life imprisonment under OCGA § 16-13-30 (d) because the State did not notify him of its intention to seek a life sentence. Hightower relies on the notice requirement of OCGA § 17-10-2 (a), which "provides that before sentencing, the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . , provided that *only such evidence in aggravation as the state has made known to the defendant prior to his trial* shall be admissible. The notice requirement of OCGA § 17-10-2 (a) applies to mandatory life sentences imposed under OCGA § 16-13-30 (d)." (Emphasis supplied.) (Citations and punctuation omitted.) *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992). Hightower's argument that OCGA § 17-10-2 (a) requires the State to notify the defendant of its intention to seek a life sentence is without merit. The statute does not require that the State notify the defendant of the sentence it intends to seek; rather, the statute simply requires that the State notify the defendant of the evidence it intends to use in aggravation of sentencing.

At the sentencing hearing, the district attorney explained to the court that Hightower was served with notification that his prior conviction for possession of cocaine with intent to distribute would be introduced in the sentencing hearing as evidence in aggravation. Moreover, the record indicates that the State provided Hightower with written notice that it intended to present evidence of his prior conviction as a similar transaction at trial. Defense counsel conceded that he was aware of the prior conviction and did not dispute that the State had notified him of the conviction before the trial. The purpose of the notification requirement of OCGA § 17-10-2 (a) is to allow the defendant to "examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial. Although a written notification of the State's intent to prosecute as a recidivist is preferable, it is not required as long as the notification is clear." (Citations and punctuation omitted.) *Moss*, supra at 312 (5). Under the circumstances of this case, the trial court did not err in finding that the defendant received adequate notice that he faced treatment as a recidivist under OCGA § 16-13-30 (d).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 9, 1993.

*Robert M. Beauchamp*, for appellant.
*Britt R. Priddy, District Attorney, David E. Perry, Assistant District Attorney*, for appellee.