A08A0802. EVANS v. THE STATE.
(660 SE2d 841)

BLACKBURN, Presiding Judge.

Following a jury trial, Terry Lamont Evans appeals his conviction for obstructing an officer (felony),[1] arguing that the evidence was insufficient and that the State did not provide proper pretrial notice of the convictions that the State introduced in aggravation at his sentencing. We hold that direct eyewitness testimony that Evans struck a correctional officer while that officer was attempting to handcuff him sufficed to sustain the conviction, and that the State's written notice that during sentencing, it would rely on the convictions listed in a Georgia Crime Information Center (GCIC) report attached to the notice, sufficiently notified Evans. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the evidence shows that while confined to a probation detention center, Evans refused to follow the instructions of a female correctional officer to arise and perform certain work. She requested assistance from two male correctional officers to handcuff Evans so that Evans could be securely transported to an isolation cell. Evans announced that he would not be handcuffed, and when one male officer attempted to handcuff Evans from behind, Evans swung his

---

[1] OCGA § 16-10-24 (b).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

elbow at the officer and struck him under the eye, causing a deep gash that bled profusely and required eight stitches. This evidence from three eyewitnesses sufficed to show that Evans knowingly and willfully resisted a correctional officer in the lawful discharge of his official duties by doing violence to that officer's person. See OCGA § 16-10-24 (b).

2. Evans's remaining enumeration of error is that the trial court erred in considering (over his objection) his four prior felony convictions when it sentenced him as a recidivist under OCGA § 17-10-7. Specifically, Evans claims that (i) the State failed to introduce certified copies of those convictions at sentencing and (ii) he failed to receive proper notice of the State's intent to introduce these convictions at sentencing.

With regard to the State's manner of proving these convictions, the sentencing transcript reflects that the State announced, "We present to the Court . . . his certified convictions," and that certified copies of those convictions were attached to the transcript as exhibits. We discern no error in the manner of proof.

With regard to the sufficiency of the State's notice of its intent to introduce these convictions, the record reflects that several weeks before trial, the State served Evans's counsel with a "Notice of Intent to Present Matters in Aggravation of Sentencing," in which the State announced that at sentencing, it would introduce Evans's prior convictions that were listed in an attached GCIC report.[4] The State cited to both subsection (a) and subsection (c) of OCGA § 17-10-7 as a basis for its seeking a maximum sentence. During plea negotiations with Evans's counsel, the State expressly discussed Evans's prior history and convictions as requiring a longer sentence; indeed, Evans's counsel was keenly aware of these four prior convictions, as she had represented him in three of them and as she had reviewed the GCIC report referenced in the notice. Based on the four prior felony convictions of Evans, the court found Evans to be a recidivist and accordingly sentenced him to the maximum of five years.

We discern no error. The statute requiring notice (former OCGA § 17-10-2 (a)[5]) mandated that the State make its intent to use the convictions as aggravation of punishment at sentencing "known to

---

[4] Evans points to his trial counsel's testimony at the motion for new trial hearing that based on her recollection, the GCIC report was not attached to the State's notice. However, this same counsel had stated at trial that the report was indeed attached. Moreover, she conceded at the motion for new trial hearing that in any case, she had reviewed the GCIC report in the State's file before trial.

[5] The notice requirement has been modified and is now found in OCGA § 17-16-4 (a) (5) based on amendments effectuated by the Criminal Justice Act of 2005. See Ga. L. 2005, p. 20, § 1 et seq. (effective July 1, 2005). Section 17 of the Act provides that it "shall apply to all trials which commence on or after July 1, 2005." As Evans was tried in June 2005, we apply the

the defendant prior to the defendant's trial." "In evaluating the sufficiency of the [S]tate's notice, this Court places substance over form." *Cabell v. State*.[6] Thus, oral notification suffices so long as the notice is clear. *Mullinax v. State*.[7] "The important requirement is that the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record." (Punctuation omitted.) *Ogle v. State*.[8] See *Cabell*, supra, 250 Ga. App. at 531 (notice is sufficient where defense counsel was aware of the defendant's prior convictions and was aware that the State intended to use those convictions in aggravation of punishment); *Rielli v. State*[9] ("the furnishing of defense counsel with a list of convictions upon which the State expects to rely is sufficient"). Accordingly, even plea negotiations, which identify the prior convictions as a basis for the State's seeking enhanced punishment, suffice as notice. *Ogle*, supra, 256 Ga. App. at 28 (3); *Cabell*, supra, 250 Ga. App. at 531.

Here, the State served a written notice of its intent to seek recidivist punishment and identified Evans's prior convictions (as listed in the attached GCIC) as those it intended to introduce in aggravation of punishment under OCGA § 17-10-7. Announcing that the State intends to use the convictions listed on an attached GCIC as aggravation evidence in sentencing has sufficed as proper notice under former OCGA § 17-10-2 (a). See *Gordillo v. State*;[10] *Young v. State*.[11] Compare *Sanders v. State*[12] (providing GCIC report insufficient where it did not list two of the convictions used by the State in sentencing). During plea negotiations, the State again referenced Evans's prior criminal history and reiterated it would seek recidivist punishment. Before trial, Evans's counsel reviewed the GCIC and was keenly familiar with the prior convictions in that she represented him in three of those four convictions. As this evidence shows that Evans received unmistakable advance warning that the State intended to use identified prior convictions in aggravation of sentencing, we hold that the trial court did not err in finding that Evans received sufficient notice under former OCGA § 17-10-2 (a) and in considering the convictions at sentencing.

---

pre-July 2005 version of OCGA § 17-10-2 (a). See *Lindsey v. State*, 282 Ga. 447, 449, n. 4 (651 SE2d 66) (2007); *Merritt v. State*, 288 Ga. App. 89, 99, n. 41 (653 SE2d 368) (2007).

[6] *Cabell v. State*, 250 Ga. App. 530, 531 (551 SE2d 386) (2001).

[7] *Mullinax v. State*, 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000).

[8] *Ogle v. State*, 256 Ga. App. 26, 28 (3) (567 SE2d 700) (2002).

[9] *Rielli v. State*, 174 Ga. App. 220, 223 (5) (330 SE2d 104) (1985).

[10] *Gordillo v. State*, 255 Ga. App. 73, 77-78 (3) (c) (564 SE2d 486) (2002).

[11] *Young v. State*, 245 Ga. App. 684, 686-687 (3) (538 SE2d 760) (2000).

[12] *Sanders v. State*, 230 Ga. App. 176, 178 (4) (495 SE2d 653) (1998).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008.

*Fred I. Graham,* for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney,* for appellee.