## S08A1878. BROWN v. THE STATE
### (670 SE2d 400)

THOMPSON, Justice.

Defendant Darrell Brown was convicted of two counts of armed robbery, three counts of kidnapping and one count of possession of a

firearm during the commission of a crime.[1] He was sentenced to five consecutive life terms without parole, plus an additional 15 consecutive years for the firearms count. Brown appeals, asserting, inter alia, that the trial court erred in overruling his motion to change venue and his general demurrer attacking the constitutionality of OCGA § 17-10-7 (b), a subsection of Georgia's repeat offenders' sentencing statute.

In 2005 Brown and his co-defendant Andre Lee held at gunpoint three employees of the Cinemark Tinseltown theater in Fayetteville, seeking access to the building safe. Pressed to open the safe, the manager of the theater used the duress code, alerting the police. When officers arrived at the scene, the two defendants attempted to secure escape by climbing into the ceiling. Lee was arrested when a ceiling tile disintegrated beneath him and he fell to the floor. Brown remained in a ceiling crawl space for several hours, garnering significant media publicity, before finally surrendering to police.

At trial, potential jurors were polled as to their knowledge of the case through the media. Of the 57 potential jurors questioned by the court, only six claimed to have no knowledge of the case. One juror was excused for indicating pretrial publicity had tainted his view of the case, and a second was excused for indicating he could not be impartial. After individualized questioning, an additional 13 jurors were excused for cause. Of the jurors selected, all assured the trial court that they had no bias or prejudice against Brown and had not formed or expressed any opinion in regard to his guilt or innocence.

1. The evidence is sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown contends the trial court erred in refusing to grant his motion for change of venue. The motion was predicated on the existence of extensive pretrial publicity, demonstrated by a significant percentage of prospective jurors being excused for cause. Brown asserts that such a statistical cluster makes it unreasonable to assume the remaining venire was not similarly influenced by the media.

A motion for change of venue based upon excessive pretrial publicity invokes the trial court's discretion, and its ruling will not

---

[1] The crimes were committed on June 14, 2005. The indictment was returned on July 13, 2005. Trial commenced in the Superior Court of Fayette County on September 19, 2005, and concluded on September 22, 2005, when defendant was found guilty and sentenced. Defendant's motion for new trial was filed on September 23, 2005, amended on December 20, 2007, and denied on December 21, 2007. Defendant filed a notice of appeal on January 10, 2008. The case was docketed in this Court on July 21, 2008, and orally argued on October 20, 2008.

be disturbed absent an abuse of that discretion. *Dixson v. State*, 269 Ga. 898 (506 SE2d 128) (1998). Here, it cannot be said that the trial court abused its discretion in denying Brown's motion for change of venue. Simply put, Brown failed to show that the pretrial publicity created an inherently prejudicial atmosphere or affected the remaining jurors' ability to be fair and impartial. See *Eckman v. State*, 274 Ga. 63, 68 (4) (548 SE2d 310) (2001); *Roundtree v. State*, 270 Ga. 504, 505 (2) (511 SE2d 190) (1999).

3. Brown's prior conviction for armed robbery, and present conviction of five serious violent felonies as defined by OCGA § 17-10-6.1 (a), required the trial court to consider Brown a recidivist offender and impose five life sentences under OCGA § 17-10-7 (b). Brown contends that the sentencing requirements imposed by OCGA § 17-10-7 (b) violate his right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution and Art. I, Sec. I, Par. XI of the Georgia Constitution.

In *Almendarez-Torres v. United States*, 523 U. S. 224 (118 SC 1219, 140 LE2d 350) (1998), the United States Supreme Court held that the imposition of enhanced sentencing under federal law based solely upon a defendant's prior criminal history does not exceed constitutional limitations. More specifically, the court stated in *Apprendi v. New Jersey*, 530 U. S. 466, 490 (120 SC 2348, 147 LE2d 435) (2000), that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."* (Emphasis supplied.) Because Brown's sentence was enhanced by his *prior conviction* for armed robbery, the trial judge did not err in overruling Brown's general demurrer attacking the constitutionality of OCGA § 17-10-7 (b) under either the United States Constitution or the Georgia Constitution.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008 —
RECONSIDERATION DENIED DECEMBER 15, 2008.

*Lloyd W. Walker,* for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Randall K. Coggin, Assistant Attorney General,* for appellee.