## A09A1889. KENNEDY v. THE STATE.
(690 SE2d 255)

BERNES, Judge.

Dana E. Kennedy entered into a negotiated guilty plea on two counts of burglary and was sentenced as a recidivist. On appeal, he argues that the trial court erred in sentencing him under the general recidivist provisions of OCGA § 17-10-7 (c),[1] as opposed to the specific recidivist provisions of OCGA § 16-7-1 (b).[2] We affirm.

At the time that Kennedy pled guilty to the instant burglary

---

[1] OCGA § 17-10-7 (c) provides, in pertinent part:
... [A]ny person who, after having been convicted under the laws of this state for three felonies ... , commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[2] OCGA § 16-7-1 (b) provides, in pertinent part:
... [U]pon a third conviction for the crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years. ...

charges, the state introduced certified copies of Kennedy's four prior convictions. They included two earlier burglary convictions, a theft by taking conviction, and a forgery in the first degree conviction. The state had filed with the trial court notice of its intent both to prosecute Kennedy as a recidivist and to offer the prior convictions as evidence in aggravation of punishment.

In accordance with the plea agreement, the trial court then sentenced Kennedy to twenty years concurrently on each burglary count, ten years to serve in incarceration and the remaining ten years to be served on probation. The trial court further noted that the sentence was being given pursuant to OCGA § 17-10-7 (c), rendering Kennedy ineligible for parole during his ten-year incarcerated sentence.

The trial court's sentence pursuant to the general recidivist provisions of OCGA § 17-10-7 (c) was authorized. This case is directly controlled by *Goldberg v. State*, 282 Ga. 542, 547 (651 SE2d 667) (2007), in which our Supreme Court held that

> when OCGA § 16-7-1 (b) and OCGA § 17-10-7 [(c)] are harmonized, the former specific recidivist statute applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas the latter general recidivist statute applies when the defendant is a habitual felon with prior convictions for other crimes.

Since Kennedy's conviction in this case represented not only his third burglary conviction but also his fifth felony conviction, he fell squarely within the ambit of OCGA § 17-10-7 (c). Consequently, the trial court properly sentenced him as a recidivist under the general recidivist provisions contained therein. Id.; *Patrick v. State*, 284 Ga. App. 472, 473-474 (644 SE2d 309) (2007). See also *Butler v. State*, 281 Ga. 310, 312-313 (637 SE2d 688) (2006). Compare *Wester v. State*, 294 Ga. App. 263, 266 (2) (668 SE2d 862) (2008) (sentencing defendant as a general recidivist under OCGA § 17-10-7 was improper when all of his prior felony convictions were for shoplifting and the statute contained a specific recidivist provision applicable to shoplifting offenses).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 26, 2010 —
RECONSIDERATION DENIED FEBRUARY 11, 2010.

Dana E. Kennedy, *pro se.*

*Larry Chisolm, District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.