## A10A1163. MOORE v. THE STATE.

(695 SE2d 717)

MIKELL, Judge.

James William Moore entered a non-negotiated guilty plea to two counts of burglary. Moore's Georgia Crime Information Center ["GCIC"] report was introduced into evidence, and the trial court sentenced him as a recidivist to serve twenty years, seven of which would be served in confinement, with the balance on probation, pursuant to OCGA § 17-10-7 (a) and (c).[1] On appeal, Moore contends that he should not have been sentenced as a recidivist. Specifically, he argues that the state did not give adequate notice of its intent to seek a recidivist sentence and failed to present certified copies of his convictions to the court. Moore also asserts as error the trial court's decision to sentence him as a recidivist in spite of the state's lack of a request that it do so. Because the state concedes that it did not ask the trial court for recidivist treatment and Moore asserts that he consented to the admissibility of his GCIC report under the assumption that he would not be sentenced as a recidivist, we remand for resentencing.

Moore argues that he did not receive notice of the state's intent to seek recidivist punishment. The record shows that the state filed its "Disclosure Certificate Pursuant to OCGA § 17-16-1" on June 30, 2009, which provided that "all convictions, arrests, and bad conduct will be used in aggravation of punishment pursuant to OCGA §§ 17-10-2 [and] 17-10-7 [and] for impeachment purposes pursuant to OCGA § 24-9-84" and attached Moore's GCIC report.[2] Although we previously have held that "[c]onvictions listed on an attached GCIC as aggravation evidence in sentencing have sufficed as proper

---

[1] Subsection (a) provides:

Except as otherwise provided in subsection (b) of this Code section, any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Subsection (c) provides:

Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[2] Moore's conviction in the instant case was his seventh felony conviction.

notice,"[3] we decline to do so under the unique factual circumstances presented here.

In the instant case, Moore contends that he was told that he would not be sentenced as a recidivist. The state does not dispute Moore's contention. Instead, it simply asserts that it did not intend that Moore be sentenced as a recidivist.[4] We are mindful that regardless of the state's intent, OCGA § 17-10-7 required the trial court to sentence Moore as a recidivist. However, the record is incomplete on the issue of whether Moore consented to the admissibility of the GCIC report, upon which the trial court relied to impose its sentence, with knowledge that he would be sentenced as a recidivist.

"The statute requiring notice ([OCGA § 17-16-4 (a) (5),] former OCGA § 17-10-2 (a)) mandate[s] that the [s]tate make its intent to use the convictions as aggravation of punishment at sentencing known to the defendant prior to the defendant's trial."[5]

> The purpose of the notification requirement . . . is to allow the defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial.[6]

In other words, "the defendant [must] be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record."[7] We have held that the state's notice of its intent to use prior convictions "must be clear and not cloudy."[8]

From the record on appeal, we cannot discern that the state's notice was clear such that Moore received an unmistakable advance warning that his prior convictions would be used to enhance his sentencing, thereby giving him enough time to rebut or explain his conviction record. On the contrary, according to Moore's counsel, his

---

[3] (Citation omitted.) *Parks v. State*, 294 Ga. App. 646, 652 (11) (669 SE2d 684) (2008) (state served written notice of intent to use crimes in attached GCIC report in aggravation of punishment). See also *Evans v. State*, 290 Ga. App. 746, 748 (2) (660 SE2d 841) (2008) (state indicated during plea negotiations that it would seek recidivist treatment).

[4] Compare *Abernathy v. State*, 252 Ga. App. 635, 636-637 (4) (556 SE2d 859) (2001) (disclosure certificate sufficiently supplied the requisite notice where defendant conceded that the state may have furnished notice of its intent to seek recidivist punishment).

[5] (Citation, punctuation and footnote omitted.) *Evans*, supra at 747-748 (2).

[6] (Citation and punctuation omitted.) *Hightower v. State*, 210 Ga. App. 216 (436 SE2d 31) (1993).

[7] (Citation, punctuation and footnote omitted.) *Evans*, supra at 748 (2).

[8] (Citation and punctuation omitted.) *Mullinax v. State*, 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000). See also *Hightower*, supra.

discussions with the state led him to conclude that Moore would not be sentenced as a recidivist. The state does not dispute this fact; rather, it simply states that it did not request recidivist sentencing. Therefore, because of the ambiguity in the record, we remand this case for a resentencing hearing where all issues germane to Moore's prior convictions can be resolved.

*Judgment affirmed and case remanded for resentencing. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 26, 2010.

*Michael J. Davis, Jr.*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.