**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 20, 2013**

# In the Court of Appeals of Georgia

A13A1053. THOMAS v. THE STATE.

BOGGS, Judge.

Three months after his first jury trial ended in a mistrial, Frank James Thomas was retried and convicted of one count of burglary. His amended motion for new trial was denied, and Thomas appeals, asserting as his sole enumeration of error that the State was required, before retrial, to file a new notice of intent to introduce his prior convictions in aggravation of punishment pursuant to OCGA § 17-16-4 (a) (5). But evidence was presented at the hearing on Thomas' motion for new trial that the State gave clear notice of its intent to use Thomas' prior convictions in the second trial, and that Thomas understood its intent to do so. The trial court was entitled to conclude from this testimony that Thomas had received adequate notice, and we therefore affirm.

Thomas was represented by the same counsel throughout the events giving rise to this appeal. The State filed its first notice of intent to use Thomas' prior conviction for murder in aggravation of punishment on April 25, 2008. On May 5, 2008, the State filed a second notice of intent to use three additional convictions for involuntary manslaughter, armed robbery, and burglary. Thomas' first trial in May 2008 ended in a mistrial. The State did not refile its earlier notices before Thomas' retrial in August 2008. In the second trial, he was convicted of burglary, and the trial court sentenced him as a recidivist to 20 years without parole.

At sentencing, Thomas' trial counsel objected that the State had failed to provide her with notice of its intent to use prior convictions. The prosecutor responded that sufficient notice was provided based upon the State's written notice before the original trial and the continuing plea discussions with Thomas' counsel after the first trial, in which the State continued to assert that Thomas was facing sentencing as a recidivist, and that this was sufficient notice. The trial court agreed and proceeded with sentencing.

Thomas moved for a new trial on several grounds, including that the State had failed to provide new written notices of recidivism to him after the first trial. The trial court denied the motion, finding that Thomas had received adequate notice of the

2

State's intent to use the prior convictions. Thomas appeals, arguing that the State failed to provide him or his counsel with the required notice before the second trial. We disagree and affirm.

The trial court correctly observed that the requirement for notice of intent to use prior convictions has been revised and recodified after some of the cases construing it were decided. The provision was included in OCGA § 17-10-2 until 2005, when it was slightly revised and recodified as part of the Criminal Justice Act of 2005. See Ga. L. 2005, p. 20, §§ 11, 13; *Evans v. State*, 290 Ga. App. 746, 747-748 n.5 (2) (660 SE2d 841) (2008).[1] But the correct standard for evaluating sufficiency of notice has not changed under either version of the statute:

> The statute requiring notice . . . mandated that the State make its intent to use the convictions as aggravation of punishment at sentencing known to the defendant prior to the defendant's trial. In evaluating the sufficiency of the State's notice, this Court places substance over form. Thus, oral notification suffices so long as the notice is clear. The

---

[1]OCGA § 17-16-4 (a) (5) provides: "The prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing." Former OCGA § 17-10-2 (a) provided in pertinent part: "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible."

3

important requirement is that the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record. *Accordingly, even plea negotiations, which identify the prior convictions as a basis for the State's seeking enhanced punishment, suffice as notice*.

(Citations, punctuation, and footnotes omitted; emphasis supplied.) Id. at 747-748 (2). See also *Ross v. State*, 313 Ga. App. 695, 698 (1) (d) (722 SE2d 411) (2012) (relying on OCGA § 17-16-4 (a) (5); counsel not ineffective for failing to object to untimely notice when counsel aware of convictions and no showing that prior convictions could have been rebutted or explained.)

Thomas relies upon our holding in *Beecher v. State*, 240 Ga. App. 457, 460 (5) (523 SE2d 54) (1999), to urge reversal. But in *Beecher*, as we noted in that opinion, the *only* evidence presented was that the State had filed a notice of intent to use prior convictions before an earlier trial. Under those circumstances, we were "constrained to agree" that there was no evidence of "clear notice" that the convictions would be used at a subsequent trial. Id. Compare *Person v. State*, 257 Ga. App. 464, 465-466 (1) n.5 (571 SE2d 472) (2002) (distinguishing *Beecher*; motion to adopt notice in prior trial sufficient).

4

Here, in contrast, substantial evidence was presented from which the trial court could conclude that Thomas received clear notice of the State's intent to use his prior convictions in aggravation of punishment. And as the finder of fact at the new trial hearing, the trial court was entitled to resolve this issue. *Ransom v. State*, 297 Ga. App. 902, 906 (2) (a) (678 SE2d 574) (2009). While Thomas did not receive a third, formal, written notice, evidence supports the trial court's finding that the State notified Thomas of its *continuing* intention to use prior convictions in aggravation of punishment, and that he was aware of this intention. At the sentencing hearing, the prosecutor stated in her place that she and trial counsel had, pursuant to the court's order, met to confirm that the State had given her "everything that we had." She added, "The State never withdrew any recidivism notices, and throughout that time [between the trials] the discussion involved his possible 20 year without parole sentence."

At the hearing on Thomas' motion for new trial, his trial counsel acknowledged that she discussed "the recidivist issue" with Thomas "multiple times," and that Thomas signed her standard client form confirming his understanding of his maximum sentence if found guilty. In fact, counsel admitted, "We knew that they would possibly use it, *but I did not receive a formal notice*." (Emphasis supplied.)

5

Counsel thus explicitly acknowledged that she and Thomas were aware of his prior convictions and the State's intent to introduce them in aggravation of punishment. Thomas is, in fact, relying simply on the absence of a "formal notice" - the elevation of form over substance rejected in *Evans*, supra. "[T]he purpose of the statute is not to insist upon a technical requirement for its own sake. It was designed to ensure sufficient notice to defend against the charges. . . . No prejudice whatsoever to [Thomas] has been alleged or shown, and harm as well as error must be shown to warrant reversal. [Cit.]" *Arnold v. State*, 236 Ga. App. 380, 383 (4) (511 SE2d 219) (1999) (notice of similar transaction under OCGA § 17-16-4 (a) (3).)

The trial court did not err in denying Thomas' motion for new trial on this ground.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*