**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 26, 2018**

# In the Court of Appeals of Georgia

A17A1360. NORDAHL v. THE STATE.

DILLARD, Chief Judge.

In 2013, the State charged Blane Nordahl, via indictment, with several counts of burglary and one count of attempted burglary. Thereafter, it notified Nordahl that it intended to seek recidivist punishment, under OCGA § 17-10-7, based on his previous convictions in New York and New Jersey on charges of burglary and his federal conviction on a charge of conspiracy to transport stolen goods. Nordahl pleaded guilty to the charges, but challenged the State's request for recidivist punishment. Nevertheless, the trial court found Nordahl to be a recidivist and sentenced him accordingly. On appeal, Nordahl contends that the trial court erred in sentencing him under OCGA § 17-10-7, arguing that the State failed to provide sufficient notice of its intent to seek recidivist punishment and failed to establish that

his prior federal conviction was a crime, which, if committed in Georgia, would be considered a felony. Nordahl further argues that even if he could be considered a recidivist, the trial court should have sentenced him under the recidivist provisions of OCGA § 16-7-1 (b). For the reasons set forth *infra*, we affirm.

The record, which for the most part is undisputed, shows that on December 10, 2013, the State charged Nordahl and his former girlfriend, via indictment, with three counts of burglary, one count of criminal attempt to commit burglary, and four counts of burglary in the first degree.[1] On January 22, 2014, the State notified Nordahl of its intent to seek recidivist punishment under OCGA § 17-10-7 (a) and (c), relying upon two prior convictions in New Jersey and one in New York. On June 16, 2016, the State amended its notice, relying now upon a New York burglary conviction, a New Jersey burglary conviction, and a federal conviction for conspiracy to transport stolen goods.

---

[1] The offenses charged in Counts 1 through 3, alleging burglary, and Count 4, alleging criminal attempt to commit burglary, occurred before July 1, 2012, the effective date of the amendment to OCGA § 16-7-1, which created the gradations of first and second-degree burglary. *See* Ga. L. 2012, pp. 899, 949, §§ 3-1, 9-1.; *see also State v. Newton*, 294 Ga. 767, 770 n.2 (755 SE2d 786) (2014). The offenses charged in Counts 5 through 8, alleging burglary in the first degree, occurred after July 1, 2012.

On June 24, 2016, the trial court conducted a plea hearing, during which the State provided the factual basis of the offenses charged in the indictment and submitted evidence of Nordahl's prior convictions, which it was relying upon in support of its request that the court sentence him as a recidivist under OCGA § 17-10-7 (a) and (c). Nordahl did not challenge the facts pertaining to the charged offenses, but contended that he could not be sentenced as a recidivist under OCGA § 17-10-7, arguing, *inter alia*, that his federal conviction for conspiracy to transport stolen goods was not a crime that would be considered a felony under Georgia law. The State challenged this contention, but at the conclusion of the hearing, the trial court did not issue a ruling on the recidivism argument, and Nordahl did not enter a plea.

On February 10, 2017, the trial court conducted a second plea hearing,[2] during which Nordahl acknowledged the facts underlying the charges in the indictment, testified that he understood the constitutional rights he was waiving by pleading guilty to the charges, and ultimately pleaded guilty. Nevertheless, he again argued that he could not be sentenced as a recidivist under OCGA § 17-10-7. But having reviewed the record from the prior hearing, the trial court ruled that Nordahl was a

---

[2] Judge Wendy Shoob presided over the first plea hearing, but she retired not long thereafter. Consequently, Judge Jerry Baxter presided over the second hearing.

recidivist under OCGA § 17-10-7 (a) and (c). Accordingly, the trial court imposed a sentence of 20 years, with 10 to serve and the balance suspended, on the burglary charges in Counts 1 through 3; 10 years to serve on the criminal attempt to commit burglary charge in Count 4; and 25 years, with 10 to serve and the balance suspended, on the first degree burglary charges in Counts 5 through 8. The trial court further ordered that all the sentences were to run concurrently. This appeal follows.

In the context of a criminal conviction, "a sentence is void if the court imposes punishment that the law does not allow."[3] And this is true even for defendants who plead guilty because "a defendant who knowingly enters into a plea agreement does not waive the right to challenge an illegal and void sentence."[4] Importantly, whether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject

---

[3] *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (punctuation omitted); *accord Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).

[4] *Bell v. State*, 294 Ga. 5, 8 (2) (749 SE2d 660) (2013); *accord Nazario v. State*, 293 Ga. 480, 487 (2) (d) (746 SE2d 109) (2013); *see also Humphrey v. State*, 297 Ga. 349, 350 (773 SE2d 760) (2015) ("[A]s we have indicated in a number of cases, the consent of the parties cannot validate a void sentence.").

to de novo review.[5] With these guiding principles in mind, we turn now to Nordahl's specific claims of error.

1. Nordahl contends that the trial court erred in finding that the State provided sufficient notice of its intent to seek recidivist punishment. Specifically, he claims that the indictment should have included a recidivism count, arguing that any fact that increases the penalty for a crime must be submitted to a jury. We disagree.

In *Amendarez-Torres v. United States*,[6] the Supreme Court of the United States held that the Sixth Amendment to the United States Constitution[7] did not require that a defendant's recidivism be treated as an element of an offense to be determined by

---

[5] *See Frey v. State*, 338 Ga. App. 583, 586 (3) (790 SE2d 835) (2016); *see also Mathis v. State*, 336 Ga. App. 257, 257 (784 SE2d 98) (2016) (holding that because appeal regarding whether defendant was properly sentenced as a recidivist is a question of law, we review the trial court's decision *de novo*).

[6] 523 U.S. 224 (118 SCt 1219, 140 LE2d 350) (1998).

[7] U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

a jury.[8] Subsequently, in *Apprendi v. New Jersey*,[9] the Supreme Court reiterated that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[10] And contrary to Nordahl's argument, the Supreme Court's decision in *Alleyne v. United States*[11] did not alter this holding. There, the Court again noted that "*Apprendi* concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime."[12] But, importantly, in a footnote almost immediately thereafter, the Court further acknowledged that in *Almendarez-Torres*, it recognized that prior convictions were a narrow exception to this general rule but one that it was not revisiting because the parties had not argued the issue.[13] Consequently, here,

---

[8] *Amendarez-Torres*, 523 U.S. at 247 (III).

[9] 530 U.S. 466 (120 SCt 2348, 147 LE2d 435) (2000).

[10] *Id.* at 490 (IV) (emphasis supplied); *accord Brown v. State*, 284 Ga. 727, 729 (3) (670 SE2d 400) (2008).

[11] ___ U.S. ___ (133 SCt 2151, 186 LE2d 314) (2013).

[12] *Id.* at 2160 (III) (B).

[13] *Id.* at 2160 (III) (B) n.1.

Nordahl's *prior convictions* did not constitute facts increasing his punishment which were required to be submitted to a jury.[14]

Turning to Nordahl's specific claim that recidivism must be alleged in the indictment, previously, "[u]nder Georgia's old two-step felony trial procedure where sentence was imposed by the same jury which decided guilt, it was required that in order for any prior convictions to be considered in aggravation of punishment, they had to be included in the indictment."[15] But Georgia adopted judge sentencing in 1974,[16] and since then, "it is not required that the prior convictions be included in the indictment but only that the accused receive notice of the [S]tate's intention to seek recidivist punishment and of the identity of the prior convictions."[17] Toward that end,

---

[14] *See Brown*, 284 Ga. at 729 (3) (holding that because defendant's sentence was enhanced by his prior conviction for armed robbery, the trial judge did not err in overruling defendant's general demurrer attacking the constitutionality of OCGA § 17-10-7 (b) as a violation of his right to a trial by jury).

[15] *Favors v. State*, 182 Ga. App. 179, 179 (1) (355 SE2d 109) (1987); *see Riggins v. Stynchcombe*, 231 Ga. 589, 592-93 (203 SE2d 208) (1974), *disapproved of by State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984).

[16] *See* OCGA § 17-10-2.

[17] *Favors*, 182 Ga. App. at 179 (1); *see Hendrixson*, 251 Ga. at 854 (holding that statutory provision for life imprisonment upon conviction of second offense is not an independent offense which must be alleged in the indictment).

OCGA § 17-16-4 (a) (5)[18] provides that "[t]he prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the [S]tate intends to introduce in sentencing." And our case law has held that "[i]n evaluating the sufficiency of the State's notice, this Court places substance over form."[19] Above all, the important requirement is that "the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record."[20]

---

[18] The requirement for notice of intent to use prior convictions as aggravation of punishment was included in OCGA § 17-10-2 until 2005, when it was slightly revised and recodified in OCGA § 17-16-4 as part of the Criminal Justice Act of 2005. *See* Ga. L. 2005, p. 20, §§ 11, 13; *Evans v. State*, 290 Ga. App. 746, 747-48 (2) n.5 (660 SE2d 841) (2008) (recognizing recodification). Nevertheless, "the correct standard for evaluating sufficiency of notice has not changed under either version of the statute[.]" *Thomas v. State*, 324 Ga. App. 898, 899 (752 SE2d 67) (2013) (punctuation omitted).

[19] *Thomas*, 324 Ga. App. at 899 (punctuation omitted); *accord Evans*, 290 Ga. App. at 748 (2).

[20] *Thomas*, 324 Ga. App. at 899 (punctuation omitted); *accord Evans*, 290 Ga. App. at 748 (2).

Here, as previously mentioned, the State did not include a recidivism count in the indictment, but it first provided Nordahl with notice of its intent to seek recidivist punishment in January 2014. It later provided an amended notice in June 2016—one week before Nordahl's initial plea hearing and well before any potential trial, much less the February 10, 2017 hearing, at which he ultimately pleaded guilty. Additionally, the amended notice provided specific details regarding Nordahl's previous three convictions that the State intended to use in aggravation of punishment, including the fact that those offenses were considered felonies in their respective jurisdictions and would similarly be considered felonies in Georgia. And although Nordahl maintains that the State's notice was unclear because it indicated longer terms of incarceration than the sentences that were actually imposed for the New York and federal convictions, in doing so, he seeks to elevate the very form over substance we have previously rejected.[21] Furthermore, no prejudice to Nordahl has

---

[21] *See Thomas*, 324 Ga. App. at 900-01 (holding that defendant's claim that he could not be sentenced as a recidivist because, although he and his counsel knew of State's intent, he did not receive formal notice, was an improper attempt to elevate form over substance with regard to the statute's notice requirement); *Evans*, 290 Ga. App. at 748 (2) (holding that because evidence showed that defendant received unmistakable advance warning that the State intended to use identified prior convictions in aggravation of sentencing, the trial court did not err in finding that he received sufficient notice).

"been alleged or shown, and harm as well as error must be shown to warrant reversal."[22] Accordingly, the trial court did not err in finding that the State provided sufficient notice of its intent to seek recidivist punishment.

2. Nordahl also contends that the trial court erred in finding that his prior federal conviction for conspiracy to transport stolen goods was a crime, which, if committed in Georgia, would be considered a felony under OCGA § 17-10-7. Again, we disagree.

As previously noted, Nordahl was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c). OCGA § 17-10-7 (a) provides:

> Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state *or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony* and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands

---

[22] *Thomas*, 324 Ga. App. at 901 (punctuation omitted); *see Young v. State*, 290 Ga. 392, 400-01 (9) (721 SE2d 855) (2012) (holding that defendant received adequate prior notice of which of his previous convictions would be used against him in sentencing him as a recidivist, even though defendant asserted that the paperwork concerning those convictions had some errors).

10

convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.[23]

Essentially, the statute imposes maximum sentences for "any person convicted of a felony who was previously convicted under the laws of any other state of a crime which if committed within this state would be a felony."[24] OCGA § 17-10-7 (c) then provides:

> Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies *or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies*, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.[25]

---

[23] (Emphasis supplied).

[24] *Nelson v. State*, 277 Ga. App. 92, 99 (5) (625 SE2d 465) (2005) (punctuation omitted); *accord Anderson v. State*, 337 Ga. App. 739, 743 (2) (788 SE2d 831) (2016); *Johnson v. State*, 281 Ga. App. 7, 10 (4) (635 SE2d 278) (2006); *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000).

[25] (Emphasis supplied).

Put simply, subsection (c) requires that "if the [defendant] has three such prior felony convictions, upon a fourth felony conviction the person must serve the sentence without the possibility of parole."[26]

Citing *Mathis v. United States*,[27] Nordahl argues that his federal conviction for the offense of conspiracy to transport stolen goods[28] was not a crime, which, if committed in Georgia, would have been considered a felony under OCGA § 17-10-7 (a) and (c). But Nordahl's reliance on *Mathis* is misplaced. At issue in *Mathis* was the federal Armed Career Criminal Act ("ACCA"), which imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion."[29] Then, in listing those crimes, the Court noted that it had previously held that "Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offenses."[30] And "as to burglary—the offense relevant in this case—that Congress

---

[26] *Nelson*, 277 Ga. App. at 99-100 (5) (punctuation omitted); *accord Anderson*, 337 Ga. App. at 743 (2).

[27] ___ U.S. ___ (136 SCt 2243, 195 LE2d 604) (2016).

[28] *See* 18 USC § 2314.

[29] *See* 18 USC § 924 (e) (2) (B) (ii); *Mathis*, 136 SCt at 2248 (1) (A).

[30] *Mathis*, 136 SCt at 2248 (I) (A).

12

meant a crime containing the following elements: an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime."[31] The Court then stated that "[t]o determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case."[32] The Court further explained that

> [a] crime counts as "burglary" under the Act if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA "burglary"—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries.[33]

Turning to the specific facts of *Mathis*, the Supreme Court noted that the defendant pleaded guilty to being a felon in possession of a firearm, and at sentencing, the District Court imposed the ACCA's 15-year minimum penalty based

---

[31] *Id.* (punctuation omitted).

[32] *Id.*

[33] *Id.*

on the defendant's five prior convictions for burglary under Iowa law.[34] But the Supreme Court found that Iowa's burglary statute, which encompassed entry into any building, structure, or land, water, or air vehicle, set out alternative means of fulfilling its locational element, which were broader than the locational element of generic burglary, *i.e.*, entry into a building or other structure.[35] And, in no uncertain terms, the Supreme Court held that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."[36] Given these particular circumstances, the Court held that the defendant's prior Iowa convictions for burglary did not qualify as predicate violent felony offenses for 15-year mandatory minimum sentence under the ACCA.[37]

Employing this "elements only" test, Nordahl argues that his prior conviction for the offense of conspiracy to transport stolen goods[38] cannot be considered a felony

---

[34] *Id.* at 2250 (I) (B).

[35] *Id.*

[36] *Id.* at 2251 (II) (A); *see, e.g.*, *Taylor v. United States*, 495 U.S. 575, 602 (IV) (110 SCt 2143, 109 LE2d 607) (1990).

[37] *See Mathis*, 136 SCt at 2251 (II) (A) (holding that, under the ACCA, a sentencing judge may look only to "the elements of the offense, not to the facts of the defendant's conduct" (punctuation omitted)).

[38] *See* 18 USC § 2314.

in Georgia because its elements are not the same as any Georgia felony offense, including conspiracy to commit theft by receiving, as the State argues. But as discussed *supra*, in *Mathis*, the Supreme Court was specifically directing federal courts as to the manner in which to apply a federal law—the ACCA.[39] And nothing in the opinion can be construed as the Supreme Court of the United States mandating that state courts similarly employ an "elements only" test when interpreting and applying state-specific sentence-enhancing statutes.

Moreover, in construing Georgia's recidivist statute, OCGA § 17-10-7, this Court has held that "[t]he State bears the burden of showing that the foreign convictions were for *conduct* which would be considered felonious under the laws of this state."[40] Applying that test in this matter, we note that Nordahl was charged in the United States District Court for the Eastern District of New York with conspiracy to transport stolen goods under 18 USC § 2314, which provides: "Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same

---

[39] *See supra* notes 27 through 32.

[40] *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000) (punctuation omitted) (emphasis supplied); *accord Davis v. State*, 319 Ga. App. 501, 504 (2) (736 SE2d 160) (2012).

15

to have been stolen, converted or taken by fraud . . . [s]hall be fined under this title or imprisoned not more than ten years, or both." Subsequently, he pleaded guilty to the federal charge, admitting that he stole more than $5,000 worth of silver from various homes, which he burglarized, and that he transported that stolen property across state lines.

As the State argued below (and similarly argues on appeal), the offense under Georgia law that is most closely related to the aforementioned federal offense is theft by receiving, which is committed when a person "receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner."[41] And in 2000, when Nordahl committed the federal offense, if the value of the property that was the subject of the theft exceeded $500, the defendant was subject to imprisonment for up to ten years.[42] Thus, such an offense was certainly punishable

---

[41] *See* OCGA § 16-8-7 (a).

[42] *See* former OCGA § 16-8-12 (a) (1) (2000) ("A person convicted of a violation of Code Sections 16-8-2 to 16-8-9 shall be punished as for a misdemeanor except . . . [i]f the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor. . . ."); *Baker v. State*, 234 Ga. App. 846, 847 (507 SE2d 475) (1998) (holding that defendant's theft by receiving of lottery ticket valued at $5,000 constituted a felony); *Holland v. State*, 232 Ga. App.

as a felony. Given these particular circumstances, in pleading guilty to the federal offense, Nordahl admitted to conspiring to possess and transport property, which he knew to be stolen and which was worth well in excess of $500. Consequently, in submitting evidence of Nordahl's guilty plea to the federal charge of conspiracy to transport stolen goods, as well as the other two burglary charges, the State met its statutory burden of proving that Nordahl was convicted of conduct which would be

---

284, 285 (2) (501 SE2d 829) (1998) (holding that defendant was found guilty of unlawfully taking over $500 of grocery store's property, which was a felony). We further note that under OCGA § 16-4-8, "[a] person convicted of the offense of criminal conspiracy to commit a felony shall be punished by imprisonment for not less than one year nor more than one-half the maximum period of time for which he could have been sentenced if he had been convicted of the crime conspired to have been committed. . . ." Accordingly, while the sentencing relevant to conspiracy offenses is less stringent, conspiracy to commit a felony is, nevertheless, also a felony.

considered felonious under the laws of this state.[43] And accordingly, the trial court did

not err in sentencing Nordahl as a recidivist under OCGA § 17-10-7 (a) and (c).

3. Nordahl further contends that the trial court erred in sentencing him under

OCGA § 17-10-7 (a) and (c) rather than the recidivist provisions of OCGA § 16-7-1

(b),[44] which specifically pertain to repeated burglary convictions and, unlike OCGA

---

[43] *See Nelson*, 277 Ga. App. at 100-01 (5) (a) (holding that even though the definition of third-degree burglary under New York law is more expansive than the definition of burglary under Georgia law, and the New York conviction for third-degree assault at issue would be a misdemeanor under Georgia law, both New York convictions were for conduct which would be considered felonious under the laws of Georgia, and thus, the trial court did not err in sentencing defendant as a recidivist under OCGA § 17-10-7 (c)). *Cf. Davis*, 319 Ga. App. at 504-05 (2) (holding that because Georgia law contains no comparable provision to defendant's federal conviction, which criminalized the theft or possession of stolen mail per se, the State bore the burden of showing that defendant's conduct would be considered felonious in Georgia and vacating defendant's recidivist sentence when State failed to meet such burden); *Wallace*, 175 Ga. App. 685, 687 (6) (333 SE2d 874) (1985) (holding that it is not necessarily the case that the defendant's federal conviction was for conduct which would be considered felonious under the laws of Georgia, and that conviction therefore could not be considered a prior felony conviction within the meaning of OCGA § 17-10-7).

[44] *See* OCGA § 16-7-1 (b) ("A person who commits the offense of burglary in the first degree shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than 20 years. Upon the second conviction for burglary in the first degree, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than two nor more than 20 years. Upon the third and all subsequent convictions for burglary in the first degree, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than five nor more than 25 years.").

§ 17-10-7 (c), would not have mandated that he serve the maximum time provided in the sentence. Once again, we disagree.

It is well established that when "any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered."[45] But that principle does not control here "unless OCGA § 16-7-1 (b) and OCGA § 17-10-7 (a) are 'conflicting provisions.'"[46] And although any ambiguities in criminal statutes "must be construed most favorably to the defendant,"[47] the Supreme Court of Georgia has explicitly held that OCGA § 16-7-1 (b) and OCGA § 17-10-7 can be read in harmony, finding that "the former specific recidivist statute applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas the latter general recidivist statute applies when the defendant is a habitual felon with prior convictions for other crimes."[48] Indeed, our

---

[45] *Brown v. State*, 276 Ga. 606, 608-09 (2) (581 SE2d 35) (2003) (punctuation omitted); *accord Goldberg v. State*, 282 Ga. 542, 543 (651 SE2d 667) (2007).

[46] *Goldberg*, 282 Ga. at 543-44 (punctuation omitted).

[47] *Id.* at 544 (punctuation omitted).

[48] *Id.* at 547; *accord Kennedy v. State*, 302 Ga. App. 289, 290 (690 SE2d 255) (2010); *see Nelson*, 277 Ga. App. at 101 (5) (b) ("The existence of prior felony convictions in addition to those for burglary removes the case from the exclusive provisions of OCGA § 16-7-1 (b) and allows for the application of the repeat offender

19

Supreme Court further noted that "[a]ny other holding fails to give effect to the General Assembly's [expressed textual] intent that subsection (e) of OCGA § 17-10-7 be given substantive consideration."[49] Thus,

> [c]onstruing the two provisions together, the General Assembly intended that a habitual burglar be given the benefit of the trial court's sentencing discretion, but it further intended, that a habitual burglar who is also a habitual felon be subject to the imposition of the longest sentence prescribed for the subsequent offense for which he or she was convicted.[50]

Nordahl argues, *inter alia*, that because his federal conviction did not constitute a crime, which, if committed in Georgia, would be considered a felony under OCGA § 17-10-7 (a) and (c), the only prior convictions submitted by the State as evidence in aggravation of sentencing were burglaries. He, therefore, concludes that the trial court erred in sentencing him under OCGA § 17-10-7 (a) and (c), rather than under the burglary-specific recidivist sentencing provisions in OCGA § 16-7-1 (b). But as we held in Division 2, *supra*, Nordahl's federal conviction did, in fact, constitute

---

statute for sentencing purposes." (punctuation omitted)).

[49] *Goldberg*, 282 Ga. at 547.

[50] *Id.*; *accord Kennedy*, 302 Ga. App. at 290; *see Nelson*, 277 Ga. App. at 101 (5) (b).

conduct which would be considered felonious under the laws of this state. As a result, because Nordahl's "conviction in this case represented not only his third burglary conviction but also his [fourth] felony conviction, he fell squarely within the ambit of OCGA § 17-10-7 (c)."[51] Accordingly, the trial court properly sentenced Nordahl as a recidivist under the general recidivist provisions contained that statute rather than under OCGA § 16-7-1 (b).

For all these reasons, we affirm the trial court's sentence.

*Judgment affirmed. Ray and Self, JJ., concur.*

---

[51] *Kennedy*, 302 Ga. App. at 290; *see Nelson*, 277 Ga. App. at 101 (5) (b) (holding that defendant's prior felony conviction in New York for assault, in addition to those for burglary, removes the case from the exclusive provisions of OCGA § 16-7-1 (b) and allows for the application of the repeat offender statute, OCGA § 17-10-7 (c), for sentencing purposes); *Stephens v. State*, 259 Ga. App. 564, 565 (578 SE2d 179) (2003) (holding that in light of the introduction of a prior felony conviction for forgery in addition to defendant's prior conviction for burglary, defendant was, for sentencing purposes, more than a mere two-time burglary offender under the specific recidivist provisions of OCGA § 16-7-1 (b), but, rather, was a three-time felony offender under the general recidivist provisions of OCGA § 17-10-7 (a)).