# Court of Appeals
# of the State of Georgia

ATLANTA,  November 12, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0592. PAUL PORTER v. THE STATE.**

Following a 2011 jury trial, Paul Porter was convicted of armed robbery  and other crimes and was sentenced as a recidivist to serve 130 years in confinement. This Court affirmed Porter's convictions on appeal. *Porter v. State*, Case No. A16A0496 (June 29, 2016). In July 2025, Porter filed a motion to vacate his sentence, claiming that the trial court's application of the Georgia recidivist statute, OCGA § 17-10-7, violated his constitutional rights. After the trial court denied his motion, Porter filed this direct appeal. Porter, however, has no right of appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. See also *Jones*, 278 Ga. at 670. And a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. See also *Paradise v. State*, 321 Ga. App. 371, 372, n. 1 (740 S.E.2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

Here, Porter does not contend that any of his sentences fell outside the

statutory range of punishment. Instead, he argues that the recidivist statute is unconstitutional because it allows a judge, rather than a jury, to determine whether a defendant is eligible for recidivist sentencing. As the trial court explained, however, the cases on which Porter relies do not support his argument. See *Erlinger v. United States*, 602 U.S. 821 (144 S.Ct. 1840, 219 LEd 2d 451) (2024); *Nordahl v. State*, 306 Ga. 15 (829 SE2d 99) (2019). Instead, those cases stand for the proposition that in deciding eligibility for enhanced sentencing, a court may rely only on facts (including a finding as to a defendant's guilt) that were previously found by a jury. *Erlinger*, 602 U.S. at 840 (III) (B); *Nordahl*, 306 Ga. at 21 (2). See also *Alleyne v. United States*, 570 U.S. 99, 115-116 (III) (B) (133 S.Ct. 2151, 186 LEd 2d 314) (2013); *Apprendi v. United States*, 530 U. S. 466, 488 (IV) n.14 (120 S. Ct. 2348, 147 LEd. 2d 435) (2000). The sentencing court may also rely on those facts necessary to support a defendant's conviction where the defendant waived the right to a jury trial and entered a guilty plea. *Nordahl*, 306 Ga. at 21 (2). See also *Descamps v. United States*, 570 U. S. 254, 269-270 (III) (A) (133 S. Ct. 2276, 186 LEd2d 438) (2013). Put another way, "a sentencing court's role is limited to identifying those elements that were established by virtue of the prior conviction itself, that is, those facts the jury was necessarily required to find to render a guilty verdict or those facts the court was necessarily required to find to satisfy the factual basis for a guilty plea." *Nordahl*, 306 Ga. at 22 (2). See also *Erlinger*, 602 U. S. at 835 (II) (B) (before a court could impose enhanced sentencing under the Armed Career Criminal Act, 18 USCA § 924 (e), for a defendant who had three or more qualifying convictions "for offenses committed on different occasions," a jury was required to find, as a matter of fact, that the predicate offenses had occurred on at least three separate occasions).

Notably, in his motion seeking modification of his sentence, Porter did not argue that the trial court had engaged in any independent fact-finding — i.e., that the trial court did anything other than accept the evidence of Porter's previous convictions. Instead, Porter asserted that a court could not imposed an enhanced sentence unless a jury found that he had previously committed three or more felonies

and/or violent felonies, within the meaning of the recidivist statute. See OCGA § 17-10-7. That argument, however, is contravened by *Nordahl*, which held that the sentencing court, acting without a jury, could determine that "Nordahl's federal conspiracy conviction qualified as a predicate conviction under OCGA § 17-10-7 (a) and (c)." 306 Ga. at 28 (4).

In light of the foregoing, Porter cannot show that his sentencing under Georgia's recidivist statute violated his constitutional rights. Consequently, Porter cannot raise a colorable void sentence claim, and he therefore is not entitled to a direct appeal from the trial court's order. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg*, 297 Ga. App. at 119. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  11/12/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*